﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 191121-44794
DATE: June 30, 2020

ORDER

Service connection for obstructive sleep apnea (OSA) is granted.

FINDING OF FACT

The evidence is at least in equipoise regarding whether the Veteran’s OSA was caused or aggravated by his service-connected posttraumatic stress disorder (PTSD).

CONCLUSION OF LAW

The criteria for service connection for OSA have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.309, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Army from May 2007 to April 2008 and November 2010 to September 2012. This matter comes before the Board of Veterans’ Appeals (Board) from a July 2018 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran opted into the Appeals Modernization Act (AMA) review system by submitting a November 2019 VA Form 10182 Notice of Disagreement in response to a November 2019 Statement of the Case (SOC). The Veteran requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). Accordingly, the Board will consider the evidence of record at the time of the November 2019 SOC. 38 C.F.R. § 20.301.

In the July 2018 rating decision on appeal, the AOJ reopened the Veteran’s claim for service connection for OSA. The Board is bound by this favorable finding. 38 C.F.R. § 3.104(c).

The Veteran contends that his OSA is related to his service-connected PTSD. For the reasons discussed below, the Board finds that the evidence is at least in equipoise regarding whether the Veteran’s service-connected PTSD caused or aggravated his OSA.

Service connection may be granted for a disability that is proximately due to, or aggravated by, service-connected disease or injury. 38 C.F.R. § 3.310. 

Obesity may be an “intermediate step” between a service-connected disability and a current disability for which service connection may be granted on a secondary basis under 38 C.F.R. § 3.310(a). See VAOPGCPREC 1-2017 (January 6, 2017); see also Walsh v. Wilkie, 32 Vet. App. 300 (2020) (holding that obesity as an “intermediate step” in a causal chain for service connection can be established on either a causal or aggravation basis).

The Veteran is service connected for PTSD. Additionally, the Veteran has a diagnosis of OSA. The remaining question for the Board is whether the Veteran’s OSA is proximately due to or aggravated by his service-connected PTSD.

The Veteran submitted an April 2018 private opinion. After reviewing the Veteran’s claims file, the examiner opined that it is more likely than not that the Veteran’s OSA is related to and/or aggravated by his service-connected PTSD. The examiner cited to various medical studies highlighting a link between PTSD and weight gain and obesity and concluded that the Veteran’s PTSD caused or aggravated his obesity, which caused his OSA.

The Veteran submitted an additional private opinion in January 2019. After reviewing the Veteran’s claims file and medical literature, the examiner concluded that the Veteran’s PTSD contributed to his obesity and his obesity caused his OSA. The examiner also found that there is a relationship between OSA and PTSD. Therefore, the examiner opined that it is more likely than not that the Veteran’s OSA is secondary to, related to, and/or aggravated by his PTSD.

The Board acknowledges that there are negative VA nexus opinions of record from May 2016, May 2018, June 2018, and November 2019. The Board finds that the May 2016 is inadequate because the examiner did not provide an opinion regarding secondary service connection. 

The May 2018 VA examiner, who also provided addendum opinions in May 2018, June 2018, and November 2019, opined that the Veteran’s OSA is more likely caused by his obesity and other risk factors and not from PTSD. Additionally, the examiner opined that the Veteran’s obesity was less likely than not caused or aggravated by his PTSD. The examiner’s rationale stated that there is no medical evidence that the Veteran’s obesity is due to, the result of, or was permanently aggravated by his PTSD symptoms, or that emotional fatigue resulted in less motivation to exercise, or that he sought out high calorie foods that led to weight gain. Additionally, the examiner stated that although PTSD symptoms are a contributing factor to obesity, there is no medical evidence that PTSD causes obesity. The examiner stated the Veteran has several known risk factors that has contributed to his obesity and the cause of his obesity cannot be contributed to one risk factor over others.

Upon careful review of the evidence of record, the Board finds that the evidence is at least in relative equipoise as to whether the Veteran’s currently diagnosed OSA was caused or aggravated by his service-connected PTSD. As discussed above, the Board is aware of the differing medical opinions offered in this case; however, in giving the Veteran the benefit of the doubt, the Board finds that the differing opinions are of equal probative value.

When the totality of the evidence supports the Veteran’s claim or is in relative equipoise, the Veteran prevails. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Based on the competing opinions described above, the Board resolves all doubt in the Veteran’s favor and finds that his OSA was at least as likely as not caused or aggravated by his service-connected PTSD. 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Kernen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.